Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
MICHAEL A. BISHOP, ESQ. (SBN 105063)
N. KATE JEFFRIES, ESQ. (SBN 248932)
3638 American River Drive
Sacramento, California  95864
Telephone:      (916) 978-3434
Facsimile:      (916) 978-3430

Attorneys for Defendants PRIDE INDUSTRIES,
INC., and PRIDE INDUSTRIES ONE., INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. TIMOTHY HEDIGER AND LOIS PEREZ, <br><br> Plaintiffs, <br><br> v. <br><br> PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE, INC., <br><br> Defendants. | Case No.  2:09-cv-1858 <br><br> **ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW** Defendants PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE, INC., (hereinafter collectively referred to as "Defendants" or "PRIDE") in response and in answer to the First Amended Complaint for damages filed on behalf of plaintiffs TIMOTHY HEDIGER AND LOIS PEREZ, alleges as follows:

### I.      NATURE OF THIS ACTION

1.      Answering paragraph 1 of the Complaint, Defendants admit that this paragraph describes the nature of the allegations contained in the Complaint.   Defendant reserves its rights to oppose Plaintiffs' legal position as stated in this paragraph.

1

Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
MICHAEL A. BISHOP, ESQ. (SBN 105063)
N. KATE JEFFRIES, ESQ. (SBN 248932)
3638 American River Drive
Sacramento, California 95864
Telephone:     (916) 978-3434
Facsimile:     (916) 978-3430

Attorneys for Defendants PRIDE INDUSTRIES,
INC., and PRIDE INDUSTRIES ONE., INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. TIMOTHY HEDIGER AND LOIS PEREZ, <br><br> Plaintiffs, <br><br> v. <br><br> PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE, INC., <br><br> Defendants. | Case No.  2:09-cv-1858 <br><br><br> **ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMES NOW** Defendants PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE, INC., (hereinafter collectively referred to as "Defendants" or "PRIDE") in response and in answer to the First Amended Complaint for damages filed on behalf of plaintiffs TIMOTHY HEDIGER AND LOIS PEREZ, alleges as follows:

## I.      NATURE OF THIS ACTION

1.     Answering paragraph 1 of the Complaint, Defendants admit that this paragraph describes the nature of the allegations contained in the Complaint.   Defendant reserves its rights to oppose Plaintiffs' legal position as stated in this paragraph.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

2.  Answering paragraph 2 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

3.  Answering paragraph 3 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

4.  Answering paragraph 4 of the Complaint, the statements therein are not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' position as stated in this paragraph.

5.  Answering paragraph 5 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

6.  Answering paragraph 6 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

7.  Answering paragraph 7 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

8.  Answering paragraph 8 of the Complaint, the statements therein are not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' position as stated in this paragraph.

## II.      PARTIES

9.  Answering paragraph 9 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff Hediger is a resident of Lincoln, California.   Defendants admit that plaintiff Hediger worked for the internal audit department at PRIDE from February 2007 to September 2009.   Defendants admit that Hediger's job changed to Accounting Project Analyst and his supervisor changed from PRIDE's Chief Financial Officer to the company's Controller.  Defendants deny that Hediger was demoted.

1  Defendants further deny that Hediger complained about fraudulent conduct he observed.

2  Defendants admit that Hediger's employment ended in October 2009.  Defendants deny the

3  remaining allegations contained in this paragraph.

4        10.    Answering paragraph 9 of the Complaint, Defendants are without knowledge or

5  information sufficient to form a belief as to the truth of the allegation that plaintiff Perez is a

6  resident of El Paso, Texas.  Defendants admit that plaintiff Perez was employed as a Computer

7  Analyst I with PRIDE from approximately September 1, 2007 until March 13, 2009.  Defendants

8  admit that plaintiff Perez's employment ended with Defendants.  The remaining allegations are

9  immaterial.

10        11.   Answering paragraph 11 of the Complaint, Defendants admit that PRIDE is a non-

11  profit corporation with headquarters located 10030 Foothills Boulevard in Roseville, California.

12  PRIDE admits that it provides integrated facilities management services for federal, state, and

13  local governments as well as well as commercial and industrial customers.  PRIDE admits that it

14  provides manufacturing and logistical services for customers nationwide.  PRIDE admits that it is

15  one of the largest employers of people with disabilities.  However, PRIDE has insufficient

16  information to state whether it is the largest employer of people of disabilities, and denies that

17  allegation on that basis.  The remaining allegations are Plaintiffs' legal conclusions and are

18  immaterial and therefore do not require a response.

19        12.  Answering paragraph 12 of the Complaint, Defendants deny the allegations contained

20  therein.

21        **III.    JURISDICTION AND VENUE**

22        13.   Answering paragraph 13 of the Complaint, Defendants admit that this Court has

23  jurisdiction over the subject matter of this action.

24        14.   Answering paragraph 14 of the Complaint, Defendants are without knowledge or

25  information sufficient to form a belief as to the truth of the allegations contained in said

26  paragraph, and on that basis denies each and every allegation contained therein.

27        15.    Answering paragraph 15 of the Complaint, Defendants admit that personal

28  jurisdiction and venue are proper in this district.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

3

# IV.   INTRODUCTION AND BACKGROUND

## A.   PRIDE

16.   Answering paragraph 16 of the Complaint, Defendants admit the allegations contained therein.

## B.   The AbilityOne Program

17.   Answering paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that AbilityOne is the largest source of jobs for blind or otherwise severely disabled persons, and on that basis denies this allegation.  Defendant admits the remaining allegations contained therein.

18.   Answering paragraph 18 of the Complaint, Defendants admit that The Committee for Purchase From People Who Are Blind or Severely Disabled ("Committee") is the independent federal agency that administers the AbilityOne program.  Defendant admits that the Committee works with NISH and NIB.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.   Answering paragraph 19 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

20.   Answering paragraph 20 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

## C.   Anti-Kickback Act

21.   Answering paragraph 21 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

## D.   PRIDE's Fort Bliss Contract

22.   Answering paragraph 22 of the Complaint, Defendant admits that in approximately September 2007 it was awarded a contract for repair and maintenance services at Fort Bliss, an

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

4

army base located near El Paso, Texas. The complaint does not attach a copy of the contract referenced.  Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, the complaint does not attach a copy of the contract referenced.  Further, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

24. Answering paragraph 24 of the Complaint, the complaint does not attach a copy of the contract referenced.  Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## V.    ALLEGATIONS

25.  This paragraph purports to incorporate by reference the allegations in paragraphs 1-24 of the Complaint.  Defendants therefore incorporate here by reference their responses to each such paragraph.

### A.    False Certification of Direct Labor Hours

26. Answering paragraph 26 of the Complaint, Defendants admit that to participate in the AbilityOne Program, an agency must certify annually to the Committee that 75% of more of its direct labor is performed by people who are blind or severely disabled.  Defendants also admit that PRIDE regularly submitted an Annual Certification, Committee Form 404 ("Certification"). Defendants deny the remaining allegations contained in this paragraph.

27.  Answering paragraph 27 of the Complaint, Given the lack of any specific timeframe or specific certification, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.    Answering paragraph 28 of the Complaint, Defendants deny the allegations contained therein.

5

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

29.   Answering paragraph 29 of the Complaint, Defendants admit that an initial and annual Competitive Employment Assessment are required to determine if the employee has the capability for normal competitive employment.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30.   Answering paragraph 30 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.   Answering paragraph 31 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32.   Answering paragraph 32 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33.   Answering paragraph 33 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34.   Answering paragraph 34 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35.   Answering paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

36.   Answering paragraph 36 of the Complaint, Defendants deny the allegations contained therein.

**B.     False Certification of Labor Costs**

37.   Answering paragraph 37 of the Complaint, Defendants admit that PRIDE provides specific information on labor costs required to perform the tasks included within the contract and the wage rates it agrees to pay employees.  Defendants are without knowledge or information

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph,

2   and on that basis denies each and every remaining allegation contained therein.

3       38.   Answering paragraph 38 of the Complaint, the statements therein are purported legal

4   conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal

5   position as stated in this paragraph.

6       39.   Answering paragraph 39 of the Complaint, Defendants admit that PRIDE provided

7   the government with its labor costs to be incurred by its payment of wage rates as set forth in its

8   Collective Bargaining Agreement ("CBA"). Defendants deny the remaining allegations contained

9   in this paragraph.

10       40.  Answering paragraph 40 of the Complaint, Defendants deny the allegations contained

11   therein.

12       41.   Answering paragraph 41 of the Complaint, Defendants are without knowledge or

13   information sufficient to form a belief as to the truth of the allegations contained in said

14   paragraph, and on that basis denies each and every allegation contained therein.

15       42.   Answering paragraph 42 of the Complaint, Defendants are without knowledge or

16   information sufficient to form a belief as to the truth of the allegations contained in said

17   paragraph, and on that basis denies each and every allegation contained therein.

18       43.   Answering paragraph 43 of the Complaint, Defendants are without knowledge or

19   information sufficient to form a belief as to the truth of the allegations contained in said

20   paragraph, and on that basis denies each and every allegation contained therein.

21       44.  Answering paragraph 44 of the Complaint, Defendants deny the allegations contained

22   therein.

23       **C.**      **False Billing of Unallowable and Duplicated Costs**

24       45.  Answering paragraph 45 of the Complaint, Defendants deny the allegations contained

25   therein.

26       46.  Answering paragraph 46 of the Complaint, the letter referenced is not attached to the

27   Complaint.  Therefore, Defendants are without knowledge or information sufficient to form a

28   belief as to the truth of the allegations contained in said paragraph, and on that basis denies each

1   and every allegation contained therein.

2   47.   Answering paragraph 47 of the Complaint, Defendants deny the allegations contained

3   therein.

4   48.   Answering paragraph 48 of the Complaint, Defendant deny that any inappropriate

5   markups were made.   Defendants admit that Hediger performed an audit of PRIDE'S Fort Bliss

6   Contract in approximately June 2008.   Defendants are without knowledge or information

7   sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph,

8   and on that basis denies each and every remaining allegation contained therein.

9   49.   Answering paragraph 49 of the Complaint, Defendants deny that PRIDE has knowing

10   and fraudulently continued to charge a markup for material purchased by SSI.   The e-mail

11   referenced is not attached to the Complaint, and therefore, Defendants are without knowledge or

12   information sufficient to form a belief as to the truth of the allegations regarding the e-mail. As

13   for the remaining allegations in this paragraph, Defendants are without knowledge or information

14   sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that

15   basis denies each and every allegation contained therein.

16   **D.**   **Solicitation of Kickbacks**

17   50.   Answering paragraph 50 of the Complaint, Defendants are without knowledge or

18   information sufficient to form a belief as to the truth of the allegations contained in said

19   paragraph, and on that basis denies each and every allegation contained therein.

20   51.   Answering paragraph 51 of the Complaint, Defendants are without knowledge or

21   information sufficient to form a belief as to the truth of the allegations contained in said

22   paragraph, and on that basis denies each and every allegation contained therein.

23   52.   Answering paragraph 52 of the Complaint, Defendants are without knowledge or

24   information sufficient to form a belief as to the truth of the allegations contained in said

25   paragraph, and on that basis denies each and every allegation contained therein.

26   53.   Answering paragraph 53 of the Complaint, Defendants are without knowledge or

27   information sufficient to form a belief as to the truth of the allegations contained in said

28   paragraph, and on that basis denies each and every allegation contained therein.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

54.  Answering paragraph 54 of the Complaint, Defendants admit that PRIDE has leased vehicles through Enterprise Rent a Car.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**E.    False Closure of Service orders and Retaliation Against Plaintiff Perez**

55.  Answering paragraph 55 of the Complaint, Defendants admit that plaintiff Perez was responsible for the proper input of labor hours into PRIDE's and the government's computer systems.  Defendants deny the remaining allegations contained in this paragraph.

56.  Answering paragraph 55 of the Complaint, Defendants admit that plaintiff Perez was suspended on March 13, 2009 and her employment ended on March 19, 2009.  Defendants deny the remaining allegations contained in this paragraph.

57.  Answering paragraph 57 of the Complaint, Defendants deny that numerous PRIDE employees continue to use each other's passwords with the knowledge and consent of PRIDE management.  Defendants admit the remaining allegations contained in this paragraph.

**F.    Retaliation Against Plaintiff Hediger**

58.  Answering paragraph 58 of the Complaint, Defendants admit that in approximately April 2009, Hediger received approval for an audit at Fort Bliss.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

59.  Answering paragraph 59 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

60.  Answering paragraph 60 of the Complaint, Defendants admit that plaintiff Hediger was demoted to Accounting Project Analyst and his supervisor was changed from PRIDE's Chief Financial Officer to the company's Controller.  Defendants deny the remaining allegations

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

contained in this paragraph.

61.   Answering paragraph 61 of the Complaint, Defendants admit that in October 2009, plaintiff Hediger's employment ended.  Defendants deny the remaining allegations contained in this paragraph.

## Count I
## False Claims Act 31 USC 3729(a)(1)(A) and (a)(1)(B)

62.   This paragraph purports to incorporate by reference the allegations in paragraphs 1-61 of the Complaint.  Defendants therefore incorporate here by reference their responses to each such paragraph.

63.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

64.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

65.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

66.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

67.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

68.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

////

*Answer to First Amended Complaint*

LAW OFFICES OF
**Matheny Sears Linkert & Jaime, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## Count II
### False Claims Act 31 USC § 3729(a)(1)(G)

69.  This paragraph purports to incorporate by reference the allegations in paragraphs 1-61 of the Complaint.  Defendants therefore incorporate here by reference their responses to each such paragraph.

70.  Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

71.  Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

72.  Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

73.  Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

74.  Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

## Count III
### False Claims Act 31 USC § 3730(h)

75.  This paragraph purports to incorporate by reference the allegations in paragraphs 1-61 of the Complaint.  Defendants therefore incorporate here by reference their responses to each such paragraph.

76.  Answering paragraph 76 of the Complaint, Defendants deny the allegations contained therein.

77.  Answering paragraph 77 of the Complaint, the statements therein are purported legal

11

conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

**Count IV**

**Wrongful Termination in Violation of Public Policy and California Labor Code §1102.5**

78. This paragraph purports to incorporate by reference the allegations in paragraphs 1-61 of the Complaint. Defendants therefore incorporate here by reference their responses to each such paragraph.

79. Answering paragraph 79 of the Complaint, Defendants deny the allegations contained therein.

80. Answering paragraph 80 of the Complaint, Defendants deny the allegations contained therein.

81. Answering paragraph 81 of the Complaint, Defendants deny the allegations contained therein.

82. Answering paragraph 82 of the Complaint, Defendants deny the allegations contained therein.

**Count V**

**False Claims Act 31 USC §3730(h)**

83. This paragraph purports to incorporate by reference the allegations in paragraphs 1-61 of the Complaint. Defendants therefore incorporate here by reference their responses to each such paragraph.

84. Answering paragraph 84 of the Complaint, Defendants deny the allegations contained therein.

85. Answering paragraph 85 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

**Count VI**

**Wrongful Termination in Violation of Public Policy and California Labor Code §1102.5**

86. This paragraph purports to incorporate by reference the allegations in paragraphs 1-61 of the Complaint. Defendants therefore incorporate here by reference their responses to each

12

*Answer to First Amended Complaint*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1  such paragraph.

2       87.  Answering paragraph 87 of the Complaint, Defendants deny the allegations contained

3  therein.

4       88.  Answering paragraph 88 of the Complaint, Defendants deny the allegations contained

5  therein.

6       89.  Answering paragraph 89 of the Complaint, Defendants deny the allegations contained

7  therein.

8       90.  Answering paragraph 90 of the Complaint, the statements therein are purported legal

9  conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal

10  position as stated in this paragraph.

**AFFIRMATIVE DEFENSES**

11

12       1.  **AS AND FOR A FIRST, SEPARATE DEFENSE** to the Complaint, Defendants

13  allege that there has been public disclosure of the allegations or transactions in the Complaint of

14  which Plaintiffs are not the original source.

15       2.  **AS AND FOR A SECOND, SEPARATE DEFENSE** to the Complaint,

16  Defendant alleges that the Complaint and each claim for relief therein, fails to state facts upon

17  which an award of attorneys' fees can be granted.

18       3.  **AS AND FOR A THIRD, SEPARATE DEFENSE** to the Complaint, Defendants

19  allege that Plaintiffs engaged in conduct while employed by Defendants that would have resulted

20  in their termination or other discipline if discovered during their employment.  To the extent that

21  this conduct will or may be discovered subsequent to Plaintiffs' termination during this litigation,

22  in the process of discovery, Plaintiffs' remedies will be limited or eliminated according to the

23  doctrine set forth in The United States Supreme Court case of *McKinnon v. Nashville Banner*.

24       4.  **AS AND FOR A FOURTH, SEPARATE DEFENSE** to the Complaint,

25  Defendants assert that these Defendants acted in good faith.  Insofar as Defendants have

26  delegated any duty to any subordinate, such delegation was at all times done in good faith and

27  with due care.  Defendants are, therefore, not liable for any act or omission of any subordinate.

28

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

5.      **AS AND FOR A FIFTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Plaintiffs failed to exhaust administrative remedies.  This failure includes, but is not limited to, the failure to file a complaint with the Labor Commissioner as required by California Labor Code Section 98.7.

6.      **AS AND FOR A SIXTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Plaintiffs' termination would have occurred for legitimate, independent reasons even if the employees had not engaged in activities protected by California Labor Code Section 1102.5.

7.      **AND FOR A SEVENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Defendants' conduct alleged in the Complaint was privileged under all doctrines existing under statutory or judicial authority including but not limited to the United States Constitution, the California Constitution and section 47 of the California Civil Code.

8.      **AS AND FOR AN EIGHTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that at all time and place of the events described in the Complaint, Plaintiffs were intentionally, negligently or otherwise legally at fault and Plaintiffs proximately caused or contributed to, in whole or in part, to the injuries, and losses alleged in the Complaint if any.  As a consequence the Complaint is barred or recovery is reduced in direct proportion of the amount of comparative or other legal fault or responsibility on the part of Plaintiffs.

9.      **AS AND FOR A NINTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Plaintiffs unreasonably failed to mitigate their damages.

10.     **AS AND FOR A TENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that the claims for equitable relief or remedies sought through Plaintiffs' Complaint are barred by the doctrines of collateral estoppel, waiver, res judicata, laches, and unclean hands.

11.     **AS AND FOR AN ELEVENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that the Workers' Compensation Act as codified in the California Labor Code exclusively governs any remedies available to Plaintiffs for the claims alleged in the Complaint.

12.     **AS AND FOR A TWELFTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that the recovery sought in the Complaint is barred by any applicable statutes

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

14

of limitation to each alleged claim contained in Plaintiffs' Complaint.

13.     **AS AND FOR A THIRTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that all actions taken by Defendants with respect to Plaintiffs were taken in the legitimate exercise of managerial discretion based on non-retaliatory reasons.

14.     **AS AND FOR A FOURTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that at all time relevant herein, these answering Defendants acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any state or federal right possessed by the Plaintiffs.  Defendants allege that they did not violate any state or federal statute, or any public policy of the State of California.

15.     **AS AND FOR A FIFTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that it they are entitled to immunity for performing discretionary functions which did not violate any clearly established or statutory constitutional rights of Plaintiffs.

16.     **AS AND FOR A SIXTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Plaintiffs have failed to sufficiently plead special damages, and thus Plaintiffs may not recover such damages.

17.     **AS AND FOR A SEVENTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that the Complaint fails to comply with Federal Rule of Civil Procedure, Rule 8 requiring a short and plain statement of the claim.

18.     **AS AND FOR A EIGHTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that they cannot fully anticipate all affirmative defenses that may be applicable to this action, as the matter progresses through discovery, and accordingly, Defendants reserve the right to assert additional affirmative defenses, if, and to the extent that such affirmative defenses are applicable.

**WHEREFORE**, this answering defendant prays as follows:

1.     That Plaintiffs take nothing by reason of the First Amended Complaint and that judgment be entered in favor of these answering Defendants;

2.     That these answering Defendants be awarded costs of suit incurred in defense of this action, together with the reasonable fees as provided for by all applicable provisions of law;

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

15

1 | and

2 |    3.  For such other and further relief as the court may deem just and proper.

3

4 | Dated:  November 17, 2011     **MATHENY SEARS LINKERT & JAIME, LLP**

5

6 |         By: */s/* MICHAEL A. BISHOP

7 |         MICHAEL A. BISHOP, ESQ.
        N. KATE JEFFRIES, ESQ.

8 |         Attorneys for Defendants PRIDE
        INDUSTRIES, INC., and PRIDE
        INDUSTRIES ONE., INC.

9

10

11 |        **DEMAND FOR JURY TRIAL**

12 |    Defendants PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE., INC. hereby

13 | demand trial by jury in the above-referenced matter.

14

15 | Dated:  November 17, 2011     **MATHENY SEARS LINKERT & JAIME, LLP**

16

17 |         By: */s/* MICHAEL A. BISHOP

18 |         MICHAEL A. BISHOP, ESQ.
        N. KATE JEFFRIES, ESQ.

19 |         Attorneys for Defendants PRIDE
        INDUSTRIES, INC., and PRIDE
        INDUSTRIES ONE., INC.

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

*Answer to First Amended Complaint*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

2.   Answering paragraph 2 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

3.   Answering paragraph 3 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

4.   Answering paragraph 4 of the Complaint, the statements therein are not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' position as stated in this paragraph.

5.   Answering paragraph 5 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

6.   Answering paragraph 6 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

7.   Answering paragraph 7 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

8.   Answering paragraph 8 of the Complaint, the statements therein are not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' position as stated in this paragraph.

## II.      PARTIES

9.   Answering paragraph 9 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff Hediger is a resident of Lincoln, California.   Defendants admit that plaintiff Hediger worked for the internal audit department at PRIDE from February 2007 to September 2009.   Defendants admit that Hediger's job changed to Accounting Project Analyst and his supervisor changed from PRIDE's Chief Financial Officer to the company's Controller.   Defendants deny that Hediger was demoted.

Defendants further deny that Hediger complained about fraudulent conduct he observed. Defendants admit that Hediger's employment ended in October 2009. Defendants deny the remaining allegations contained in this paragraph.

10.     Answering paragraph 9 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff Perez is a resident of El Paso, Texas. Defendants admit that plaintiff Perez was employed as a Computer Analyst I with PRIDE from approximately September 1, 2007 until March 13, 2009. Defendants admit that plaintiff Perez's employment ended with Defendants. The remaining allegations are immaterial.

11.   Answering paragraph 11 of the Complaint, Defendants admit that PRIDE is a non-profit corporation with headquarters located 10030 Foothills Boulevard in Roseville, California. PRIDE admits that it provides integrated facilities management services for federal, state, and local governments as well as well as commercial and industrial customers. PRIDE admits that it provides manufacturing and logistical services for customers nationwide. PRIDE admits that it is one of the largest employers of people with disabilities. However, PRIDE has insufficient information to state whether it is the largest employer of people of disabilities, and denies that allegation on that basis. The remaining allegations are Plaintiffs' legal conclusions and are immaterial and therefore do not require a response.

12.   Answering paragraph 12 of the Complaint, Defendants deny the allegations contained therein.

### III.     JURISDICTION AND VENUE

13.   Answering paragraph 13 of the Complaint, Defendants admit that this Court has jurisdiction over the subject matter of this action.

14.   Answering paragraph 14 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.     Answering paragraph 15 of the Complaint, Defendants admit that personal jurisdiction and venue are proper in this district.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## IV.    INTRODUCTION AND BACKGROUND

### A.    PRIDE

16.    Answering paragraph 16 of the Complaint, Defendants admit the allegations contained therein.

### B.    The AbilityOne Program

17.    Answering paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that AbilityOne is the largest source of jobs for blind or otherwise severely disabled persons, and on that basis denies this allegation.  Defendant admits the remaining allegations contained therein.

18.  Answering paragraph 18 of the Complaint, Defendants admit that The Committee for Purchase From People Who Are Blind or Severely Disabled ("Committee") is the independent federal agency that administers the AbilityOne program.  Defendant admits that the Committee works with NISH and NIB.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.  Answering paragraph 19 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

20.  Answering paragraph 20 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

### C.    Anti-Kickback Act

21.  Answering paragraph 21 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

### D.    PRIDE's Fort Bliss Contract

22.  Answering paragraph 22 of the Complaint, Defendant admits that in approximately September 2007 it was awarded a contract for repair and maintenance services at Fort Bliss, an

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

army base located near El Paso, Texas. The complaint does not attach a copy of the contract referenced.  Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. Answering paragraph 23 of the Complaint, the complaint does not attach a copy of the contract referenced.  Further, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

24. Answering paragraph 24 of the Complaint, the complaint does not attach a copy of the contract referenced.  Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## V.   ALLEGATIONS

25.  This paragraph purports to incorporate by reference the allegations in paragraphs 1-24 of the Complaint.  Defendants therefore incorporate here by reference their responses to each such paragraph.

### A.   False Certification of Direct Labor Hours

26. Answering paragraph 26 of the Complaint, Defendants admit that to participate in the AbilityOne Program, an agency must certify annually to the Committee that 75% of more of its direct labor is performed by people who are blind or severely disabled.  Defendants also admit that PRIDE regularly submitted an Annual Certification, Committee Form 404 ("Certification").  Defendants deny the remaining allegations contained in this paragraph.

27.  Answering paragraph 27 of the Complaint, Given the lack of any specific timeframe or specific certification, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28.   Answering paragraph 28 of the Complaint, Defendants deny the allegations contained therein.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

29.   Answering paragraph 29 of the Complaint, Defendants admit that an initial and annual Competitive Employment Assessment are required to determine if the employee has the capability for normal competitive employment.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30.   Answering paragraph 30 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.   Answering paragraph 31 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32.   Answering paragraph 32 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33.   Answering paragraph 33 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34.   Answering paragraph 34 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35.   Answering paragraph 35 of the Complaint, Defendants deny the allegations contained therein.

36.   Answering paragraph 36 of the Complaint, Defendants deny the allegations contained therein.

**B.   False Certification of Labor Costs**

37.   Answering paragraph 37 of the Complaint, Defendants admit that PRIDE provides specific information on labor costs required to perform the tasks included within the contract and the wage rates it agrees to pay employees.   Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

38.    Answering paragraph 38 of the Complaint, the statements therein are purported legal conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal position as stated in this paragraph.

39.    Answering paragraph 39 of the Complaint, Defendants admit that PRIDE provided the government with its labor costs to be incurred by its payment of wage rates as set forth in its Collective Bargaining Agreement ("CBA"). Defendants deny the remaining allegations contained in this paragraph.

40.    Answering paragraph 40 of the Complaint, Defendants deny the allegations contained therein.

41.    Answering paragraph 41 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42.    Answering paragraph 42 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

43.    Answering paragraph 43 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

44.    Answering paragraph 44 of the Complaint, Defendants deny the allegations contained therein.

**C.      False Billing of Unallowable and Duplicated Costs**

45.    Answering paragraph 45 of the Complaint, Defendants deny the allegations contained therein.

46.    Answering paragraph 46 of the Complaint, the letter referenced is not attached to the Complaint.   Therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   and every allegation contained therein.

2   47.  Answering paragraph 47 of the Complaint, Defendants deny the allegations contained

3   therein.

4   48.  Answering paragraph 48 of the Complaint, Defendant deny that any inappropriate

5   markups were made.  Defendants admit that Hediger performed an audit of PRIDE'S Fort Bliss

6   Contract in approximately June 2008.  Defendants are without knowledge or information

7   sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph,

8   and on that basis denies each and every remaining allegation contained therein.

9   49.  Answering paragraph 49 of the Complaint, Defendants deny that PRIDE has knowing

10  and fraudulently continued to charge a markup for material purchased by SSI.  The e-mail

11  referenced is not attached to the Complaint, and therefore, Defendants are without knowledge or

12  information sufficient to form a belief as to the truth of the allegations regarding the e-mail. As

13  for the remaining allegations in this paragraph, Defendants are without knowledge or information

14  sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that

15  basis denies each and every allegation contained therein.

16  **D.   Solicitation of Kickbacks**

17  50.  Answering paragraph 50 of the Complaint, Defendants are without knowledge or

18  information sufficient to form a belief as to the truth of the allegations contained in said

19  paragraph, and on that basis denies each and every allegation contained therein.

20  51.  Answering paragraph 51 of the Complaint, Defendants are without knowledge or

21  information sufficient to form a belief as to the truth of the allegations contained in said

22  paragraph, and on that basis denies each and every allegation contained therein.

23  52.  Answering paragraph 52 of the Complaint, Defendants are without knowledge or

24  information sufficient to form a belief as to the truth of the allegations contained in said

25  paragraph, and on that basis denies each and every allegation contained therein.

26  53.  Answering paragraph 53 of the Complaint, Defendants are without knowledge or

27  information sufficient to form a belief as to the truth of the allegations contained in said

28  paragraph, and on that basis denies each and every allegation contained therein.

54. Answering paragraph 54 of the Complaint, Defendants admit that PRIDE has leased vehicles through Enterprise Rent a Car. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**E.     False Closure of Service orders and Retaliation Against Plaintiff Perez**

55. Answering paragraph 55 of the Complaint, Defendants admit that plaintiff Perez was responsible for the proper input of labor hours into PRIDE's and the government's computer systems. Defendants deny the remaining allegations contained in this paragraph.

56. Answering paragraph 55 of the Complaint, Defendants admit that plaintiff Perez was suspended on March 13, 2009 and her employment ended on March 19, 2009. Defendants deny the remaining allegations contained in this paragraph.

57. Answering paragraph 57 of the Complaint, Defendants deny that numerous PRIDE employees continue to use each other's passwords with the knowledge and consent of PRIDE management. Defendants admit the remaining allegations contained in this paragraph.

**F.     Retaliation Against Plaintiff Hediger**

58. Answering paragraph 58 of the Complaint, Defendants admit that in approximately April 2009, Hediger received approval for an audit at Fort Bliss. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every remaining allegation contained therein.

59. Answering paragraph 59 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

60. Answering paragraph 60 of the Complaint, Defendants admit that plaintiff Hediger was demoted to Accounting Project Analyst and his supervisor was changed from PRIDE's Chief Financial Officer to the company's Controller. Defendants deny the remaining allegations

1   contained in this paragraph.

2        61.  Answering paragraph 61 of the Complaint, Defendants admit that in October 2009,

3   plaintiff Hediger's employment ended.  Defendants deny the remaining allegations contained in

4   this paragraph.

5                                 **Count I**

               **False Claims Act 31 USC 3729(a)(1)(A) and (a)(1)(B)**

6        62.   This paragraph purports to incorporate by reference the allegations in paragraphs 1-

7   61 of the Complaint.  Defendants therefore incorporate here by reference their responses to each

8   such paragraph.

9        63.  Counts I and II of the First Amended Complaint were dismissed with prejudice by

10   Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this

11   paragraph is required.

12        64.  Counts I and II of the First Amended Complaint were dismissed with prejudice by

13   Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this

14   paragraph is required.

15        65.  Counts I and II of the First Amended Complaint were dismissed with prejudice by

16   Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this

17   paragraph is required.

18        66.  Counts I and II of the First Amended Complaint were dismissed with prejudice by

19   Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this

20   paragraph is required.

21        67.  Counts I and II of the First Amended Complaint were dismissed with prejudice by

22   Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this

23   paragraph is required.

24        68.  Counts I and II of the First Amended Complaint were dismissed with prejudice by

25   Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this

26   paragraph is required.

27   / / / /

28

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

## Count II
### False Claims Act 31 USC § 3729(a)(1)(G)

69.   This paragraph purports to incorporate by reference the allegations in paragraphs 1-61 of the Complaint.   Defendants therefore incorporate here by reference their responses to each such paragraph.

70.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

71.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

72.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

73.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

74.   Counts I and II of the First Amended Complaint were dismissed with prejudice by Order dated July 6, 2011, Docket No. 22, signed by Judge Damrell. Therefore, no response to this paragraph is required.

## Count III
### False Claims Act 31 USC § 3730(h)

75.  This paragraph purports to incorporate by reference the allegations in paragraphs 1-61 of the Complaint.   Defendants therefore incorporate here by reference their responses to each such paragraph.

76.  Answering paragraph 76 of the Complaint, Defendants deny the allegations contained therein.

77.  Answering paragraph 77 of the Complaint, the statements therein are purported legal

1  conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal

2  position as stated in this paragraph.

**Count IV**

3
**Wrongful Termination in Violation of Public Policy and California Labor Code**
**§1102.5**

4

5  78.  This paragraph purports to incorporate by reference the allegations in paragraphs 1-61

6  of the Complaint.   Defendants therefore incorporate here by reference their responses to each

7  such paragraph.

8  79.  Answering paragraph 79 of the Complaint, Defendants deny the allegations contained

9  therein.

10  80.  Answering paragraph 80 of the Complaint, Defendants deny the allegations contained

11  therein.

12  81.  Answering paragraph 81 of the Complaint, Defendants deny the allegations contained

13  therein.

14  82.  Answering paragraph 82 of the Complaint, Defendants deny the allegations contained

15  therein.

**Count V**

16
**False Claims Act 31 USC §3730(h)**

17  83.  This paragraph purports to incorporate by reference the allegations in paragraphs 1-61

18  of the Complaint.   Defendants therefore incorporate here by reference their responses to each

19  such paragraph.

20  84.  Answering paragraph 84 of the Complaint, Defendants deny the allegations contained

21  therein.

22  85.  Answering paragraph 85 of the Complaint, the statements therein are purported legal

23  conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal

24  position as stated in this paragraph.

**Count VI**

25
**Wrongful Termination in Violation of Public Policy and California Labor Code**
**§1102.5**

26

27  86.  This paragraph purports to incorporate by reference the allegations in paragraphs 1-61

28  of the Complaint.   Defendants therefore incorporate here by reference their responses to each

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1  such paragraph.

2       87.  Answering paragraph 87 of the Complaint, Defendants deny the allegations contained

3  therein.

4       88.  Answering paragraph 88 of the Complaint, Defendants deny the allegations contained

5  therein.

6       89.  Answering paragraph 89 of the Complaint, Defendants deny the allegations contained

7  therein.

8       90.  Answering paragraph 90 of the Complaint, the statements therein are purported legal

9  conclusions, not factual allegations, and Defendants reserve their rights to oppose Plaintiffs' legal

10  position as stated in this paragraph.

11  **AFFIRMATIVE DEFENSES**

12       1.    **AS AND FOR A FIRST, SEPARATE DEFENSE** to the Complaint, Defendants

13  allege that there has been public disclosure of the allegations or transactions in the Complaint of

14  which Plaintiffs are not the original source.

15       2.    **AS AND FOR A SECOND, SEPARATE DEFENSE** to the Complaint,

16  Defendant alleges that the Complaint and each claim for relief therein, fails to state facts upon

17  which an award of attorneys' fees can be granted.

18       3.    **AS AND FOR A THIRD, SEPARATE DEFENSE** to the Complaint, Defendants

19  allege that Plaintiffs engaged in conduct while employed by Defendants that would have resulted

20  in their termination or other discipline if discovered during their employment.  To the extent that

21  this conduct will or may be discovered subsequent to Plaintiffs' termination during this litigation,

22  in the process of discovery, Plaintiffs' remedies will be limited or eliminated according to the

23  doctrine set forth in The United States Supreme Court case of *McKinnon v. Nashville Banner*.

24       4.    **AS AND FOR A FOURTH, SEPARATE DEFENSE** to the Complaint,

25  Defendants assert that these Defendants acted in good faith.  Insofar as Defendants have

26  delegated any duty to any subordinate, such delegation was at all times done in good faith and

27  with due care.  Defendants are, therefore, not liable for any act or omission of any subordinate.

28

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

5.      **AS AND FOR A FIFTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Plaintiffs failed to exhaust administrative remedies.  This failure includes, but is not limited to, the failure to file a complaint with the Labor Commissioner as required by California Labor Code Section 98.7.

6.      **AS AND FOR A SIXTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Plaintiffs' termination would have occurred for legitimate, independent reasons even if the employees had not engaged in activities protected by California Labor Code Section 1102.5.

7.      **AND FOR A SEVENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Defendants' conduct alleged in the Complaint was privileged under all doctrines existing under statutory or judicial authority including but not limited to the United States Constitution, the California Constitution and section 47 of the California Civil Code.

8.      **AS AND FOR AN EIGHTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that at all time and place of the events described in the Complaint, Plaintiffs were intentionally, negligently or otherwise legally at fault and Plaintiffs proximately caused or contributed to, in whole or in part, to the injuries, and losses alleged in the Complaint if any.  As a consequence the Complaint is barred or recovery is reduced in direct proportion of the amount of comparative or other legal fault or responsibility on the part of Plaintiffs.

9.      **AS AND FOR A NINTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Plaintiffs unreasonably failed to mitigate their damages.

10.     **AS AND FOR A TENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that the claims for equitable relief or remedies sought through Plaintiffs' Complaint are barred by the doctrines of collateral estoppel, waiver, res judicata, laches, and unclean hands.

11.     **AS AND FOR AN ELEVENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that the Workers' Compensation Act as codified in the California Labor Code exclusively governs any remedies available to Plaintiffs for the claims alleged in the Complaint.

12.     **AS AND FOR A TWELFTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that the recovery sought in the Complaint is barred by any applicable statutes

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

of limitation to each alleged claim contained in Plaintiffs' Complaint.

13. **AS AND FOR A THIRTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that all actions taken by Defendants with respect to Plaintiffs were taken in the legitimate exercise of managerial discretion based on non-retaliatory reasons.

14. **AS AND FOR A FOURTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that at all time relevant herein, these answering Defendants acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any state or federal right possessed by the Plaintiffs.  Defendants allege that they did not violate any state or federal statute, or any public policy of the State of California.

15. **AS AND FOR A FIFTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that it they are entitled to immunity for performing discretionary functions which did not violate any clearly established or statutory constitutional rights of Plaintiffs.

16. **AS AND FOR A SIXTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that Plaintiffs have failed to sufficiently plead special damages, and thus Plaintiffs may not recover such damages.

17. **AS AND FOR A SEVENTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that the Complaint fails to comply with Federal Rule of Civil Procedure, Rule 8 requiring a short and plain statement of the claim.

18. **AS AND FOR A EIGHTEENTH, SEPARATE DEFENSE** to the Complaint, Defendants allege that they cannot fully anticipate all affirmative defenses that may be applicable to this action, as the matter progresses through discovery, and accordingly, Defendants reserve the right to assert additional affirmative defenses, if, and to the extent that such affirmative defenses are applicable.

**WHEREFORE**, this answering defendant prays as follows:

1. That Plaintiffs take nothing by reason of the First Amended Complaint and that judgment be entered in favor of these answering Defendants;

2. That these answering Defendants be awarded costs of suit incurred in defense of this action, together with the reasonable fees as provided for by all applicable provisions of law;

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME, LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   and

2       3.      For such other and further relief as the court may deem just and proper.

3

4   Dated:  November 17, 2011                    **MATHENY SEARS LINKERT & JAIME, LLP**

5

6                                      By:___/s/ MICHAEL A. BISHOP_____
                                          MICHAEL A. BISHOP, ESQ.
7                                         N. KATE JEFFRIES, ESQ.
                                          Attorneys for Defendants PRIDE
8                                         INDUSTRIES, INC., and PRIDE
                                          INDUSTRIES ONE., INC.

9

10

11                          **DEMAND FOR JURY TRIAL**

12       Defendants PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE., INC. hereby

13   demand trial by jury in the above-referenced matter.

14

15   Dated:  November 17, 2011                    **MATHENY SEARS LINKERT & JAIME, LLP**

16

17                                      By:___/s/ MICHAEL A. BISHOP_____
                                          MICHAEL A. BISHOP, ESQ.
18                                        N. KATE JEFFRIES, ESQ.
                                          Attorneys for Defendants PRIDE
19                                        INDUSTRIES, INC., and PRIDE
                                          INDUSTRIES ONE., INC.

20

21

22

23

24

25

26

27

28

---

*Answer to First Amended Complaint*