Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
MICHAEL A. BISHOP, ESQ. (SBN 105063)
SHELBI L. OVENSTONE, ESQ. (SBN 266061)
3638 American River Drive
Sacramento, California  95864
Telephone:   (916) 978-3434
Facsimile:    (916) 978-3430

Attorneys for Defendants PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE., INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. TIMOTHY HEDIGER AND LOIS PEREZ, <br><br> Plaintiffs, <br><br> v. <br><br> PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE, INC., <br><br> Defendants. | Case No.  2:09-cv-1858 <br><br> **STIPULATION AND ORDER RE: CONFIDENTIALITY OF DISCOVERY PENDING TRIAL** |

Pursuant to Fed. R. Civ. P. 26(c)(7), the parties hereby submit this proposed Stipulated Protective Order Re: Confidentiality of Discovery Pending Trial (hereinafter "Protective Order") for the purpose of ensuring that matters raised by this proceeding are open to the public and, at the same time, ensuring that confidential information submitted by Pride Industries, Inc. and Pride Industries One, Inc., Timothy Hediger, Lois Perez, or any third parties, in connection with this proceeding, whether pursuant to compulsory process or voluntarily, is not improperly disclosed.  Accordingly, the parties, by their undersigned counsel, hereby stipulate, subject to approval and entry by the Court, as follows:

**Definitions and Terms**

1. As used in this Order, the following definitions and terms shall apply:

1

*Stipulation Re: Confidentiality Of Discovery Pending Trial*

a. "Confidential Information" means any Discovery Material that the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(7), that, if disclosed, would materially affect the party's or protected person's business, commercial or financial interests.

b. "Defendant" or "Defendants" means Pride Industries, Inc. or Pride Industries One, Inc., either singularly and collectively.

c. "Pride Industries, Inc." or "Pride Industries One, Inc." means all domestic subsidiaries, affiliates, partnerships and joint ventures, as well as all present and former directors, officers, employees, agents, partners, representatives and attorneys of the foregoing.

d. "Plaintiff" or "Plaintiffs" includes Timothy Hediger and Lois Perez, either singularly and collectively.

e. "Disclosed" is used in its broadest sense and includes, *inter alia,* directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

f. "Discovery" is defined as the term is used in the Federal Rules of Civil Procedure.

g. "Discovery Material" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, in jurisdictional discovery in the transferor court, United States District Court for the District of Columbia, or in response to discovery requests in this litigation by any party or protected person.

h. "Document" is defined as the term is used in Rule 34(a) of the Federal Rules of Civil Procedure.

    i.  "Counsel" means the counsel of record in this action and their law firms as well as (i) other attorneys or consultants employed or retained by such law firms; or (ii) any attorney subsequently retained or designated by the Defendant to appear in this action; or (iii) in-house counsel employed by Defendants, specifically, Emma Forrest.

    j.  "Party" or "parties" means the Plaintiff(s) and/or the Defendant(s) in this action.

    k.  "Protected person" means any non-party that furnishes any Discovery Material to any party.

    l.  "This action" means the above-captioned civil action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

**Types of Material That May Be Designated Confidential**

2.    Any Discovery Material may be designated by a producing party or protected person as "Confidential Information" under this Order. Such designation shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order.

**Permissible Uses**

3.    Any party or non-party may designate as "Confidential Information" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, including personal financial information about any party to this lawsuit, putative class members or employee of any party to this lawsuit, information regarding any individual's banking relationship with any banking institution, including information regarding the individual's financial transaction or financial accounts, and any information regarding any party not otherwise available to the public, subject to protection under

Federal law. Where a document or response consists of more than one page, the first page and each on which confidential information appears shall be so designated.

4. All Confidential Information produced or exchanged in the course of this case shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Confidential Information shall not be used for any commercial, competitive, personal or any other purpose.

5. Except with the prior consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

(a) Counsel for the respective parties to this litigation, including in-house;

(b) Counsel and co-counsel retained for this litigation;

(c) Employees of such counsel;

(d) Individual parties or officers of or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(e) Any authors or recipients of the Confidential Information;

(f) The Court, court personnel, court reporters, and witnesses (other than persons described in Paragraph 5(e)). A witness shall sign the Confidentiality Agreement set forth in Paragraph 8 before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Confidentiality Agreement only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated as such pursuant to Paragraph 3 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

(g) Consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action, and principals and employees of the firm with which consultants or experts are

4

*Stipulation Re: Confidentiality Of Discovery Pending Trial*

associated.

6.   Any person(s) receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.  If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed.  If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the materials was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed.  No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

7.   Persons described in paragraph 5 (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court.  Persons described in paragraph 5 should advise their associated personnel of this Order and the terms of the above stated agreement prior to providing their associated personnel access to Confidential Information.

8.   Before any Confidential Information may be disclosed to any consultant or expert described in paragraph 5, he or she shall execute a confidentiality agreement stating the following:

> I hereby acknowledge that [name, position of employment], am about to receive Confidential Information.  I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions fo the Protective Order of [date entered] in *Hediger, et al. v. Pride Industries, Inc., et al.*  I have been given a copy of and have read this Order and agree to be bound by its terms.  I agree to submit to the jurisdiction of the Court for the sole purpose of having the terms of this Order enforced.

The original of such executed confidentiality agreement shall be retained by counsel disclosing Confidential Information to such persons for a period of one (1) year following the final resolution of the matter.

**Discovery and Deposition Procedures**

9. A party may designate information disclosed during a deposition or in response to written discovery as Confidential Information by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.

In addition, a party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 12 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 16-17 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation  A party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential Information.

10. In connection with discovery proceedings as to which a party submits Confidential Information, all documents and chamber copies containing Confidential Information which are submitted to the Court shall be filed with the Court in accordance with paragraph 15. If the Court approves the filing under seal, the confidential material shall be placed within sealed envelopes or other appropriate sealed containers. On the outside of the envelopes, a copy of the first page of the document shall be attached. If "Confidential Information" is included in the first page attached to the outside of the envelopes it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

"This envelope is sealed pursuant to Order of the Court, contains

6

*Stipulation Re: Confidentiality Of Discovery Pending Trial*

> Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

If another court or administrative agency subpoenas or orders production of Confidential Information, such party shall promptly notify counsel for the party who produced the material of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order.

11. A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as "Confidential Information," although a document may lose its confidential status if it is made public. If a party produces materials designated as Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

**Challenges to Confidential Designations**

12. If either party disagrees with the designation by the producing party or protected person of any Discovery Materials as Confidential Information, then the parties to the dispute will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential Information pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or protected person bears the burden of persuading the Court that the information is in fact Confidential Information within the definition of that term set forth above. In the case of material provided by a protected person, the party contesting the confidentiality designation shall provide reasonable notice to the protected person that the matter has been referred to the Court.

13. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

(a) Operate as an admission by any party or protected person that any particular documents, material or information contain or reflect currently valuable trade

1 secrets or proprietary or commercial information; or

2 (b) Prejudice in any way the right of a party at any time:

3 (i) To seek a determination by the Court of whether any particular document,
4 item of material or piece of information should be subject to the terms of
5 this Order;

6 (ii) To seek relief on appropriate notice from any provision(s) of this Order,
7 either generally or as to any particular document, item of material or piece
8 of information;

9 (iii) To object to any discovery request, including the right to assert that no
10 discovery should be had of certain documents or information; or

11 (iv) To seek documents or other information from any source.

12 14. Notwithstanding any challenge to the designation of material as Confidential
13 Information, all documents shall be treated as such and shall be subject to the provisions hereof
14 unless and until one of the following occurs:

15 (a) The party or non-party who claims that the material is Confidential Information
16 withdraws such designation in writing; or

17 (b) The party or non-party who claims that the material is Confidential Information
18 fails to apply to the Court for an order designating the material confidential within
19 the time period specified above after receipt of a written challenge to such
20 designation; or

21 (c) The Court rules the material is not Confidential Information.

22 **Filing Under Seal**

23 15. All Confidential Information contained or discussed in any pleading, motion,
24 exhibit or other paper filed with the Court shall be accompanied by a Motion to Sea in accordance
25 with the requirements set out in the local rules. The Court shall then determine in accordance
26 with the local rules and governing case law, what, if any, portions of the filing shall be filed under
27 seal.

28 **Procedures Upon Termination of Action**

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

16. Within sixty (60) business days following the running of any applicable time to appeal any order or ruling entered in this action, the Defendant(s) shall either (i) return to the person who produced such materials all copies of all Confidential Information obtained through discovery in this action or (ii) certify to the person that all such materials have been destroyed.

17. Within sixty (60) days following the running of any applicable time to appeal any order or ruling entered in this action, the Defendant(s) or protected person may request that Plaintiff(s) return or destroy any discovery material the Defendant(s) or protected person has provided. Upon such request, Plaintiff shall comply subject their rights, if any, under any applicable law or regulation to retain such discovery materials or copies thereof.

**Miscellaneous**

18. This Order shall not affect the right of any party or protected person to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

19. Nothing in this Order shall prejudice the right of any party or protected person to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected protected persons.

20. All persons governed by this Order, by reviewing Confidential Information, or seeking the protections of this Order for Discovery Material, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

9

*Stipulation Re: Confidentiality Of Discovery Pending Trial*

**IT IS SO STIPULATED.**

Dated:  December 5, 2012                                    **MATHENY SEARS LINKERT & JAIME, LLP**


By:/s/ Michael A. Bishop
    MICHAEL A. BISHOP, ESQ.
    SHELBI L. OVENSTONE, ESQ.
    Attorneys for Defendants PRIDE
    INDUSTRIES, INC., and PRIDE
    INDUSTRIES ONE., INC.


Dated:  December 5, 2012                                    **HIRST LAW GROUP, P.C.**


By:/s/ Michael A. Hirst
    MICHAEL A. HIRST, ESQ.
    Attorney for Plaintiffs TIMOTHY
    HEDIGER and LOIS PEREZ

IT IS SO ORDERED.

December 10, 2012


    /s/ Gregory G. Hollows

United States Magistrate Judge

GGH:076/Hediger1858.po