1  Michael A. Hirst, Esq. CA Bar No. 131034
   HIRST LAW GROUP, P.C.
2  200 B Street, Suite A
   Davis, CA 95616
3  Tel: (530) 756-7700
   Fax: (530) 756-7707
4
5  Attorneys for Plaintiffs
   Timothy Hediger and Lois Perez
6
7
8                UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  TIMOTHY HEDIGER and LOIS PEREZ, | |
| 12       Plaintiffs, | 2:09-cv-1858 GEB-KJN |
| 13       v. | **JOINT PRETRIAL STATEMENT** |
| 14  PRIDE INDUSTRIES, INC., and PRIDE INDUSTRIES ONE, INC., | |
| 15 | |
| 16       Defendants. | Date: June 10, 2013 |
| 17 | Time: 1:30 p.m. Court: No. 10 |
| 18 | |

19
20        Pursuant to the Court's Order, filed on February 7, 2012, setting the pretrial

21  conference in this matter for June 10, 2013, the parties submit the following joint pretrial

22  statement.

23      1.    **BACKGROUND**

24        This is an action filed pursuant to the federal False Claims Act ("FCA"), 31 U.S.C.

25  § 3730(h), and the California Whistleblower Statute ("CWS"), California Labor Code §

26  1102.5, alleging that PRIDE Industries, Inc., and PRIDE Industries One, Inc. (collectively

27  "Defendant" or "Pride") defrauded the United States and then retaliated against the

28  plaintiffs for blowing the whistle on the fraud.

Joint Pretrial Statement                    1

1   In July 2009, Timothy Hediger ("Hediger") and Lois Perez ("Perez") (collectively

2   "Plaintiffs") filed a FCA and CWS case against Pride, alleging claims of fraud

3   perpetrated against the government and retaliation against Perez for reporting the fraud.

4   In September 2010, following Hediger's termination after blowing the whistle, plaintiffs

5   filed an amended complaint to include Hediger's retaliation claims.

6   Plaintiffs' position is that in July 2011, they prevailed in their fraud case against

7   Pride.  Pride's position is that Plaintiffs did not prevail in their fraud case.  In any event,

8   the government intervened in the action as authorized under the FCA, 31 U.S.C. §

9   3730(c)(1), and Pride agreed to pay the United States $400,000 in settlement.  The United

10  States issued a press release, quoting the Assistant Attorney General of the United States,

11  the United States Attorney for the Eastern District of California, and the Director of the

12  Army Criminal Investigation Command's Major Procurement Fraud Unit.  In part, the

13  government stated:

14
15      Between 2007 and 2010, PRIDE ... reported false ratio numbers to NISH,
        the central nonprofit agency designated by the committee to help oversee
        the AbilityOne Program, as well as to the committee itself.  In addition,
16      PRIDE overcharged the Department of the Army under its maintenance
        contract by adding unallowable costs and charging too much for labor.
17

18      "Providing jobs for disabled workers is a critical purpose of the AbilityOne
        Program," said Assistant Attorney General for the Civil Division Tony
19      West.  "This resolution demonstrates that the Department will vigorously
        pursue government contractors who overcharge on their contracts as well as
20      misstate the number of non-disabled workers they actually employ."

21                            .         .         .

22      "Today's announcement is a testament to our solid and continued
        partnership with the Department of Justice and other law enforcement
23      agencies in the fight against fraud," said James Podolak, director of the
        Army Criminal Investigation Command's Major Procurement Fraud Unit.
24      "This clearly demonstrates our continued commitment to rooting out fraud,
        large or small, in the Department of the Army and that our commitment is
25      stronger than ever."

26  *Department of Justice Press Release, dated July 11, 2011.*

27  Pride itself appeared to acknowledge the problems brought to light by the

28  plaintiffs' whistleblowing.  As quoted in the *Roseville Press Tribune*, Audrey Farrington,

Joint Pretrial Statement                         2

spokeswoman for Pride stated:

> "[T]he settlement arose from a qui tam, or whistleblower, complaint and the company cooperated fully with the investigation.  The civil settlement brings to conclusion an investigation that began in 2009. . . . Pride has voluntarily enhanced certain internal controls and compliance procedures."

*Roseville Press Tribune*, *July 13, 2011.*  Pride's position is that "Defendants do not agree with Plaintiffs' assertion that Pride appeared to acknowledge the problems brought to light by the plaintiffs' whistleblowing.  As stated by Ms. Farrington, Pride **voluntarily** enhanced its internal controls and compliance procedures.  These enhancements were based upon several factors, not just the investigation itself."

The parties' settlement agreement resolved the fraud allegations, but not the Plaintiffs' allegations of retaliation.  As such, pursuant to the parties' stipulation, the Court: dismissed the United States from the case, dismissed the resolved fraud allegations, held that plaintiffs' retaliation claims could now proceed, and held that plaintiffs' claims to attorneys' fees, costs and expenses for the successful fraud allegations, as well as any additional attorneys' fees, costs, and expenses that may be owed for the retaliation allegations, should be determined after resolution of the other claims.  *Stipulation and Order, filed on July 6, 2011 (Document No. 22),* at ¶¶ 1-4.

2.   **JURISDICTION AND VENUE**:

Jurisdiction and venue are undisputed.  Jurisdiction exists under 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to the FCA, 31 U.S.C. §§ 3729 and 3730.

3.   **JURY/NON JURY**:

The case will be tried to a jury.  The parties estimate that the trial will take approximately 2 weeks.

4.   **ISSUES FOR TRIAL**

The issues for trial are: (1) did Pride retaliate against Plaintiffs in violation of the FCA and CWS and, if so, (2) to what damages are the Plaintiffs entitled?

Joint Pretrial Statement                    3

5.   **UNDISPUTED FACTS**:

A.   Plaintiff Perez was terminated by Pride on or about March 13, 2009.

B.   Plaintiff Perez was terminated by Pride on or about October 6, 2009.

6.   **DISPUTED FACTUAL ISSUES**:

The disputed factual issues are those involved in determining whether Pride retaliated against Hediger and Perez for reporting fraud against the government in violation of 31 U.S.C. § 3730(h) and California Labor Code § 1102.5.

7.   **DISPUTED EVIDENTIARY ISSUES**:

As Plaintiffs have advised Pride, Plaintiffs anticipate filing motions in limine: (1) to exclude evidence and for other sanctions based on Pride's failure to comply with the Court's Order following Plaintiffs' motion to compel discovery *(see Stipulation and Order Regarding Discovery Dispute, Document No. 40),* (2) to exclude Pride's expert for Pride's failure to timely produce an expert report, and (3) to exclude evidence regarding the doubling of damages and other damages provisions for retaliation in 31 U.S.C. § 3730(h).

Defendant anticipates objecting to Plaintiffs' motions in limine.

8.   **SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS**:
Not applicable.

9.   **RELIEF SOUGHT**:

Plaintiffs seek all relief necessary to make them whole pursuant to 31 U.S.C. § 3730(h)(2) and California Labor Code § 1102.5.  Pride denies that Plaintiffs are entitled to any relief.

10.   **POINTS OF LAW**:

The parties should brief for the Court in detail the law that applies to employment retaliation under the FCA, 31 U.S.C. § 3730(h), and the CWS, California Labor Code § 1102.5.

In general, a plaintiff alleging a FCA retaliation claim must show three elements:

1  (1) that he or she engaged in activity protected under the statute; (2) that the employer
2  knew the plaintiff engaged in protected activity; and (3) that the employer discriminated
3  against the plaintiff because he or she engaged in protected activity. *Mendiondo v.*
4  *Centinela Hosp. Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008). Similarly, a
5  plaintiff alleging a CWS claim must show (1) she engaged in a protected activity, (2) her
6  employer subjected her to an adverse employment action, and (3) there is a causal link
7  between the two. *Patten v. Grant Joint Union High Sch. District*, 134 Cal. App. 4th
8  1378, 1384 (2005).

Plaintiffs contend that Pride violated the FCA and CWS by retaliating against them
10  for blowing the whistle. Pride's position is that: "It is Defendants position, as will be
11  presented through evidence and witness testimony, that Plaintiffs terminations were not
12  retaliatory. Rather, both Plaintiffs were terminated for legitimate, nonretaliatory business
13  and work performance reasons."

14      11.    **ABANDONED ISSUES**:

None.

16      12.    **WITNESSES**:

Plaintiffs' witnesses are listed in an Exhibit 1 attached hereto.

Defendant's witnesses are listed in Exhibit A attached hereto.

20      13.    **EXHIBITS**:

Plaintiff's exhibits are listed in Exhibit 2 attached hereto.

Defendant's witnesses are listed in Exhibit B attached hereto.

23      14.    **DISCOVERY DOCUMENTS**:

Plaintiffs and Defendant anticipate offering answers to interrogatories, requests for
25  admissions, and production of documents relevant to the determination of whether
26  Plaintiffs were retaliated against by Pride.

27      15     **FURTHER DISCOVERY OR MOTIONS**:

None.

Joint Pretrial Statement                    5

16.    **STIPULATIONS**:

None.

17.    **AMENDMENTS/DISMISSALS**:

None.

18.    **SETTLEMENT**:

The parties scheduled a JAMS mediation for May 30, 2013, but due to unanticipated scheduling conflicts, the mediation could not go forward.  The parties are presently looking to schedule another mediation date.  It is possible that the parties may ask the Court for assistance in scheduling a settlement conference.

19.    **AGREED STATEMENTS**:

Not feasible.

20.    **SEPARATE TRIAL**:

Not advisable.

21.    **IMPARTIAL EXPERTS/LIMITATION ON EXPERTS**:

Not advisable.

22.    **ATTORNEY'S FEES**:

As discussed above, Plaintiffs seek their attorneys' fees, costs and expenses in this action.

23.    **RESOLUTION OF PRIOR MOTIONS**:

As discussed above, a motion to compel discovery was resolved by stipulation and order.  However, Plaintiffs contend that Pride has failed to comply with the Court order.

24.    **MISCELLANEOUS**:

The parties are presently unaware of any other matters that will aid in the disposition of the action.

DATED: June 3, 2013                    /s/ Michael A Hirst
                                       MICHAEL A. HIRST, ESQ.
                                       Counsel for Plaintiffs
                                       TIMOTHY HEDIGER and
                                       LOIS PEREZ

Joint Pretrial Statement                          6

1    DATED: June 3, 2013                        /s/ Michael A. Bishop
                                                MICHAEL A. BISHOP, ESQ.
2                                               Counsel for Defendants
                                                PRIDE INDUSTRIES, INC., and PRIDE
3                                               INDUSTRIES ONE, INC.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Pretrial Statement                            7

# EXHIBIT 1

# Plaintiffs' Witnesses

1. Kendra Bray
2. Toni Blais
3. Vanessa Burke
4. Janice Daniels
5. Jeffrey Dern
6. Anjela Dyatlov
7. Emilo Escandon
8. Mary Flores
9. Graciela Flores
10. Loretta Grado
11. Clayton Hamm
12. John D. Hancock
13. Timothy Hediger
14. Brian Hendershot
15. Beth Kirby
16. Sonya Montelongo
17. Gary D. Nibbelink
18. Tina Oliveira
19. Lois Perez
20. Jack Richards
21. Glenn Ryan
22. Cesar Silva
23. Fred Smith
24. Angel Tamayo
25. Michael Tapia
26. Elisa Torres
27. Sarah Vasquez
28. Fernando Villalobos
29. Jacqueline Walker
30. Donna Walters
31. Lonny Wright
32. Timothy Yamauchi
33. John Young
34. Roy Zambrano
35. Michael Ziegler

# EXHIBIT 2

Joint Pretrial Statement

# **Plaintiffs' Exhibits**

1.     Texas Workforce Commission Documents
2.     Performance appraisals of Timothy Hediger
3.     Performance appraisals of Lois Perez
4.     Other Pride employment records
5.     Emails to and from Timothy Hediger and his co-workers
6.     Emails discussing or relating to Timothy Hediger
7.     Emails to and from Lois Perez and her co-workers
8.     Emails discussing or relating to Lois Perez
9.     Expert reports of John D. Hancock
10.    Experts reports of Gary D. Nibbelink
11.    Reports on Pride's Financial Condition
12.    Department of Justice press release July 11, 2011
13.    Roseville Press Tribune article July 13, 2011
14.    New England Journal of Medicine article May 13, 2010
15.    Documents Pertaining to the FCA case

Joint Pretrial Statement

# EXHIBIT A

Joint Pretrial Statement

# **Defendant's Witnesses**

1.  Lois Perez
2.  Timothy Hediger
3.  Sonya Montelongo
4.  Tim Yamauchi
5.  Beth Kirby
6.  Lonnie Wright
7.  Michael Ziegler
8.  Loretta Grado
9.  Jeff Dern
10. Jack Richards
11. Brian Hendershot
12. Tony Blais
13. Fred Smith
14. Tina Oliviera
15. Patrick DeLangis
16. Elisa Torres
17. Luis Miranda
18. Kendra Bray
19. Angel Tomio
20. Sandra Elizondo

# EXHIBIT B

Joint Pretrial Statement

# **Defendant's Exhibits**

1. Employment Records for Timothy Hediger
2. Employment Records for Lois Perez
3. Emails pertaining to Lois Perez
4. Emails pertaining to Timothy Hediger
5. Rebuttal report from expert Patrick DeLangis
6. Documents pertaining to Pride's financial condition at the time of Timothy Hediger's termination
7. Job Description for Accounting Project Analyst
8. Job Description for Internal Auditer
9. Documents pertaining to the Fort Bliss investigation conducted by Timothy Hediger
10. Pride's Whistleblower Policy